**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1492**

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF POTOMAC
VALLEY BRICK AND SUPPLY COMPANY,

                Plaintiff - Appellant,

        v.

GRAHAMS CONSTRUCTION, INCORPORATED; THE GUARANTEE COMPANY OF
NORTH AMERICA USA,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Alexander Williams, Jr., District
Judge.  (8:13-cv-02032-MAB)

Submitted:  October 31, 2014        Decided:  November 12, 2014

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank J. Emig, LAW OFFICES OF FRANK J. EMIG, Laurel, Maryland,
for Appellant.    Christopher M. Anzidei, LAW OFFICES OF
CHRISTOPHER M. ANZIDEI, PLLC, Vienna, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Potomac Valley Brick & Supply Co. ("PVB") brought this breach of contract claim against Grahams Construction, Inc. ("Grahams"), seeking payment for materials that PVB sold to Grahams' subcontractor, JMM Enterprises, Inc. ("JMM"). The district court granted summary judgment on this claim in Grahams' favor, finding that, even if the August 22, 2012, email between representatives of Grahams and JMM constituted a valid contract, PVB was not a third-party beneficiary with standing to bring suit on that contract. On appeal PVB challenges that holding. We affirm.

We review a district court's order granting summary judgment de novo. D.L. ex rel. K.L. v. Balt. Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). Summary judgment is appropriate only where "there is no genuine [dispute] as to any material fact and . . . the movant is entitled to judgment as a matter of law." Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 (4th Cir. 2012) (internal quotation marks omitted). In determining whether a genuine dispute exists, we "view[] the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011).

Viewing the evidence in the light most favorable to PVB, we agree with the district court that PVB was not an

2

intended third-party beneficiary of the purported contract. Under Maryland law, "[a]n individual is a third-party beneficiary to a contract if the contract was intended for his or her benefit and it clearly appears that the parties intended to recognize him or her as the primary party in interest and as privy to the promise." CR-RSC Tower I, LLC v. RSC Tower I, LLC, 56 A.3d 170, 212 (Md. 2012) (internal citation omitted). "In applying this standard, [Maryland courts] look to the intention of the parties to recognize a person or class as a primary party in interest as expressed in the language of the instrument and consideration of the surrounding circumstances as reflecting upon the parties' intention." Id. at 213 (internal quotation marks and alterations omitted).

Here, both the language of the email and the surrounding circumstances indicate that the purported contract was made to ensure that JMM would not bear the cost of any purchases from PVB even if it was unable to complete its work for Grahams. There is no evidence that Grahams and JMM intended this language to benefit PVB. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED